**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

*Oakland Division*

| | |
|---|---|
| CHILD EVANGELISM FELLOWSHIP NORCAL, | ) ) Case Number: 4:24-cv-8945-HSG |
| Plaintiff, | ) ) ) |
| v. | ) **FINAL JUDGMENT AND PERMANENT** ) **INJUNCTION** |
| OAKLAND UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION; DR. KYLA JOHNSON-TRAMMELL, in her official capacity as Superintendent of Oakland Unified School District, | ) ) ) ) ) |
| Defendants. | ) ) ) ) ) |

Pursuant to the Parties' Joint Notice of Settlement, the Court hereby enters the following Final Judgment and Permanent Injunction. The Court hereby finds that the terms of this Final Judgment and Permanent Injunction are fair, reasonable, equitable, and in furtherance the public interest. The terms of this Final Judgment and Permanent Injunction comport with the United States Constitution, including the First and Fourteenth Amendments thereto. *See, e.g.*, *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98 (2001). The Parties agree that Defendant, Oakland Unified School District, is required, under the First Amendment, to provide Child Evangelism Fellowship NorCal access to its facilities that is equal to and on the same terms as other similarly situated nonreligious organizations offering programs to students in the Oakland Unified School District. Plaintiff is entitled to prevailing party status within the meaning of 42 U.S.C. §1988 and entitled to recover its reasonable attorney's fees and costs incurred in obtaining this Final Judgment and Permanent Injunction in the amount set forth below.

## I.        Permanent Injunction.

Having considered the Parties' proposal and the relevant pleadings, and finding good cause shown, it is hereby Ordered, Adjudged, and Decreed as follows:

Defendants, Defendants' officers, agents, employees, and all other persons acting in active concert and participation with them, are hereby RESTRAINED and ENJOINED from enforcing or applying Defendants' written and unwritten Use Policies and practices against Plaintiff Child Evangelism Fellowship NorCal ("CEF") in any manner that denies CEF equal access to Oakland Unified School District facilities in violation of the First and Fourteenth Amendments to the United States Constitution. To wit,

A.        Defendant Oakland Unified School District is hereby RESTRAINED and ENJOINED from enforcing or applying its written and unwritten facility use practices and policies, including but not limited to Board Policy 1330 (Dkt. No. 1-1), Administrative Regulation 1330 (Dkt. No. 1-2), and the Terms of Use (Dkt. No. 1-3), against Plaintiff CEF and its Good News Club in any manner that denies CEF and its Club access to OUSD facilities on an equal basis to the access provided to similarly situated nonprofit organizations. This includes providing equal access to available forums, spaces, and benefits in Defendants' facilities at the same time periods and subject to the same conditions as are made available to other similarly situated nonprofit organizations.

B.        Defendants must amend the challenged Use Policies and any other written or unwritten policy, practice, guideline, or application pertaining to community use of school facilities to ensure Defendants evaluate all applications to use District facilities, or to become Lead Agency or subcontractor of a Lead Agency, offering programs to students in Oakland Unified School District using only neutral and objective criteria, including, but not limited to:

(i) whether the organization applying to use public school facilities is a nonprofit community organization providing educational or recreational activities to students and qualifying for access to public school facilities for after-school programming under the California Civic Center Act, Cal. Educ. Code §38134(a)(1);

(ii) whether the organization has timely submitted the appropriate written application

established in Defendants' Use Policies, including but not limited to Board Policy 1330 (Docket No. 1-1), Administrative Regulation 1330 (Docket No. 1-2), and Defendants' Terms of Use policy (Docket No. 1-3), the Facilitron application procedures, or otherwise applied for access to Defendants' facilities as a contractor or subcontractor;

(iii) whether the nonprofit organization intends to or does charge a fee to students participating in the educational or recreational activity; and

(iv) whether the nonprofit organization seeking access to public school facilities has agreed to otherwise comply with the requirements of the Terms of Use (Docket No. 1-3), including compliance with all applicable state laws and local ordinances, assumption of costs for repairs to facilities damaged during the organization's use of school facilities; execution of the release of liability for injuries or damages arising out of the organization's use of school facilities, and the other relevant considerations of Board Policy 1330 (Docket No. 1-1), Administrative Regulation 1330 (Docket No. 1-2), and the Terms of Use (Docket No. 1-3), as well as the California Civic Center Act.

C.    Defendants shall revise and amend the Use Policies, including but not limited to Board Policy 1330 (Docket No. 1-1), Administrative Regulation 1330 (Docket No. 1-2), and the Terms of Use (Docket No. 1-3), to provide for precise time parameters governing the initial review and determination of all applications to use public school facilities and appeals of any adverse determinations and to provide for a written response outlining the specific reasons for any denial of a use application as follows:

(i) Defendants shall amend Board Policy 1330 (Docket No. 1-1), Administrative Regulation 1330 (Docket No. 1-2), and the Terms of Use (Docket No. 1-3) to provide that for periods of use not exceeding thirty (30) days, Facilities Use Applications shall be approved or disapproved by OUSD officials within a period not to exceed thirty (30) days from the submission of the written application;

(ii) Defendants shall amend Board Policy 1330 (Docket No. 1-1), Administrative Regulation 1330 (Docket No. 1-2), and the Terms of Use (Docket No. 1-3) to provide that applicants who have been denied the use of school buildings, facilities, and grounds may appeal the decision with the district superintendent, who shall issue a decision on the appeal within a period not to exceed ten (10) days; and

(iii) Any decision denying the use of school facilities must provide the applicant a written denial

outlining the specific reasons that the application was denied and which of the criteria listed in Paragraph B of this injunction were not satisfied.

D.      The permanent injunction governs the Defendants' treatment of Child Evangelism Fellowship NorCal so long as Board Policy 1330 (Docket No. 1-1), Administrative Regulation 1330 (Docket No. 1-2), and the Terms of Use (Docket No. 1-3) are in the form they were in as of the time this Court granted Child Evangelism Fellowship NorCal's motion for a preliminary injunction. Child Evangelism Fellowship NorCal will be similarly classified in any future revisions or modifications to those provisions.

## II.   Judgment

It is hereby further ORDERED, ADJUDGED, and DECREED as follows:

1.      Child Evangelism Fellowship NorCal is hereby declared a prevailing party under 42 U.S.C. §1988.

2.      The Parties have hereby agreed that Plaintiff is entitled to the amount of $120,000.00 as and for reasonable attorney's fees and costs under 42 U.S.C. §1988. The Court hereby finds such agreement reasonable, just, and appropriate, hereby awards Plaintiff the same.

3.      If any additional litigation becomes necessary to enforce the terms of this settlement agreement, the prevailing party shall be entitled to recover reasonable attorney's fees, costs, and interest.

4.      This Final Judgment resolves all issues raised by Plaintiff in this action, and the Clerk is hereby directed to enter Final Judgment in this action and to dismiss Plaintiff's Complaint with prejudice.

5.      The Court shall retain jurisdiction to the extent necessary to enforce the terms of this Final Judgment and Permanent Injunction.

SO ORDERED this 15th day of May, 2026

_Haywood S. Gill, Jr._

HAYWOOD S. GILLIAM, JR.

United States District Judge

Final Judgment and Permanent Injunction – No. 4:24-cv-8945-HSG

3